Filed 9/9/24  P. v. Foss CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EUGENE NILES FOSS,<br><br>    Defendant and Appellant. | D083978<br><br><br>(Super. Ct. No. CR58822) |


APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Eugene Niles Foss appeals an order extending for two years his civil commitment under Penal Code section 1026.5 as a person who was previously found not guilty by reason of insanity (NGI).  On appeal, Foss' appointed counsel raises no arguable issues but asks us to independently review the record on appeal for reversible error pursuant to *People v. Wende* (1979)

1

25 Cal.3d 436 (*Wende*). However, we agree with the reasoning and holding in *People v. Martinez* (2016) 246 Cal.App.4th 1226 (*Martinez*) that the procedures set forth in *Wende* and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) do not apply to an extension of an NGI civil commitment. We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), and dismiss the appeal.

I.

In 1982, Foss was found not guilty by reason of insanity on a charge of assault with a deadly weapon (§ 245, subd. (a)). He was then committed to a state hospital pursuant to section 1026 until April 7, 1986. Thereafter, his NGI civil commitment was extended for additional two-year periods pursuant to section 1026.5 and, eventually, through April 6, 2024.

On December 8, 2023, the People filed a petition for extension of Foss' NGI civil commitment for an additional two years pursuant to section 1026.5. The petition alleged that Foss was still suffering from a mental disease, defect, or disorder and by reason of such mental disease, defect, or disorder represented a substantial danger of physical harm to others. In support of the petition, the People attached an affidavit from the medical director of the state hospital, who opined that Foss was still suffering from a mental disease, defect, or disorder and, as a result, continued to represent a substantial danger of physical harm to others. That affidavit attached an evaluation report conducted by a state hospital forensic psychologist stating that Foss had a diagnosis of schizophrenia and currently suffered primarily with psychotic symptoms despite compliance with his antipsychotic medication. In particular, the report stated that Foss suffered from auditory hallucinations, delusional thinking, and disorganized thought processes. The report recommended Foss' civil commitment be extended, citing his history of

2

violence, denial of having any mental illness, lack of insight into his symptoms and risk for violence, and stated preference for discontinuing his medication if discharged. The trial court subsequently appointed two forensic psychologists to evaluate Foss pursuant to section 1027.

On April 15, 2024, after Foss had waived his right to a jury trial, a bench trial was held and the People presented testimony from the state hospital forensic psychologist and the two court-appointed forensic psychologists. The state hospital forensic psychologist testified consistently with his evaluation report, as discussed above, and opined that if unmedicated, Foss would represent a substantial risk of danger to others because of his severe mental health disorder. The first court-appointed forensic psychologist testified that Foss had a schizoaffective disorder and lacked insight into his mental illness and the necessity for him to take medication. He testified that he had a very strong impression that if Foss were to be discharged, he would not continue to take his medication, which would cause his psychotic symptoms to become far more prevalent and increase his risk of violent and aggressive behavior (i.e., he would be a substantial danger of physical harm to others). The second court-appointed forensic psychologist testified that Foss suffered from schizophrenia and would pose a substantial danger of physical harm to others if not in a 24-hour supervised setting, citing his history of unprovoked and impulsive violent or aggressive behavior even while on medication and in a hospital setting. There was no guarantee if Foss were not in a supervised setting, he would take his medication, creating a huge risk for decompensation. Foss then testified in his defense.

After considering the evidence and arguments of counsel, the trial court found the People had proven beyond a reasonable doubt that the petition's

allegations were true. The court then issued an order extending Foss' civil commitment for an additional two years through April 6, 2026, pursuant to section 1026.5. Foss appealed the order.

## II.

We appointed counsel to represent Foss on appeal. His counsel filed a brief summarizing the facts and proceedings below. His counsel did not identify any arguable issues but nevertheless argued that we should independently review the record on appeal for reversible error pursuant to *Wende*. Though Foss was provided with a copy of his counsel's brief and informed of his right to file a supplemental brief, he has not filed one.

In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), the Supreme Court held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.*, at p. 539.) Foss' counsel attempts to distinguish this appeal from the holding in *Ben C.*, citing the differences between the conservatorship proceedings in *Ben C.* and the section 1026.5 civil commitment extension proceedings in this case.

However, in *Martinez*, the court discussed *Ben C.* and other relevant cases and held that "due process does not require an appellate court to conduct an independent review of the appellate record for possible issues in an appeal from an extension of an NGI's civil commitment." (*Martinez*, 246 Cal.App.4th at p. 1230.) *Martinez* reasoned: "Just as there are protections in place in conservatorship proceedings to guard against an erroneous conclusion ([*Ben C.*,], 40 Cal.4th at p. 542), so too are there procedures in place to protect one committed to a state hospital pursuant to section 1026.5. Consequently, the risk that failure to adopt *Anders*'s procedure in appeals from a civil judgment extending an NGI's civil

4

commitment will result in an erroneous resolution on appeal is negligible." (*Martinez*, at p. 1239.)  Accordingly, *Martinez* dismissed the appeal without conducting an independent review of the record.  (*Id*. at p. 1240.)

We agree with the reasoning of *Martinez* and apply it to this appeal. Because no reasonably arguable issues have been raised by counsel or Foss, we decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise and dismiss the appeal.  (*Martinez*, 246 Cal.App.4th at p. 1240.)

III.

The appeal is dismissed.

CASTILLO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


BUCHANAN, J.